# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| TYRICKA LAVERNE CALLOWAY | CIVIL ACTION NO. 12-702-P |
| VERSUS | JUDGE WALTER |
| 13TH JUDICIAL DISTRICT COURT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil action filed by pro se plaintiff Tyricka Laverne Calloway ("Calloway"), pursuant to 28 U.S.C. § 1361.  This complaint was received and filed in this Court on March 15, 2012.  Calloway is incarcerated at the Bullock Correctional Facility in Union Springs, Alabama.  He names the 13th Judicial District Court, Thomas F. Fuselier, and Michael Striedel as defendants.

Calloway seeks a writ of <u>mandamus</u> to direct the state trial court to enter judgment in his favor or enter a judgment by default against Defendants in a civil action he filed in the Louisiana 13th Judicial District Court on November 8, 2007.  <u>Mandamus</u> relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, it is well settled that federal courts

have no general power to compel action by state officials.  See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970).  Because Defendants are not federal officers, employees or agencies, this court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty. See 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

to which the aforementioned party did not object.  See Douglas v. U.S.A.A., 79 F.3d 1415

(5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 12th day

of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge

3